[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11707
Non-Argument Calendar
_____

D.C. Docket No. 4:20-cv-00057-RH-MAF


RONALD DAVID JONES,

                                                            Plaintiff-Appellant,

versus

HEART TO HEART ACADEMY,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 3, 2020)

Before ROSENBAUM, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Ronald Jones, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his *in forma pauperis* ("IFP") complaint on two grounds, for failing to state a claim for which relief may be granted, and as barred by *res judicata*. After careful review, we affirm.

## I.

Jones filed a *pro se* civil rights complaint against Heart to Heart Academy using a form provided by the Northern District of Florida, Northern Division. The complaint alleged that Gadsden County Schools hired Jones as a substitute teacher. After Jones received a "Florida Department of Education Official Statement of Status Eligibility to teach school," he accepted a part-time teaching position at Heart to Heart Christian Academy. Doc. 1 at 2.[1] The complaint further alleged that after Jones worked one day in that position, he got a call from Gadsden County Schools telling him that he "could not work in that position" and would not be paid for the day he worked. *Id.* Jones claimed "[r]etaliation" and requested "[u]nspecified monetary damages." *Id.*[2]

Jones also moved to proceed IFP. A magistrate judge granted Jones's IFP motion based on Jones's indigency but issued a report and recommendation

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] The form complaint states it is "to be used by pro se (non-prisoner) litigants in actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983." Doc. 1 at 1 (capitalizations omitted). Jones did not specify on the form what statute applied to his claim.

("R&R") finding that Jones had raised the same claim in a previous district court case against Heart to Heart Academy, that earlier case had been dismissed for failure to state a claim upon which relief may be granted, and the appeal of that decision was dismissed for failure to prosecute. The magistrate judge determined that Jones's claim was similarly legally insufficient and barred by *res judicata*; the judge therefore recommended that the district court dismiss the complaint. The R&R notified Jones that he had 14 days to object and warned Jones that failure to object would result in waiver of the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.

Jones objected to the R&R but did not object to the magistrate judge's determination that his claim was barred by *res judicata*. Upon review, the district court found that Jones had failed to object to the magistrate judge's conclusion that his complaint was barred by *res judicata*, agreed with the magistrate judge that the claim was barred, and dismissed the complaint.

This is Jones's appeal.

## II.

A party who fails to object to factual and legal conclusions in an R&R waives the right to challenge on appeal the district court's order based on those unobjected-to conclusions provided he was informed of the deadline for objecting and the consequences on appeal for failing to object. 11th Cir. R. 3-1. Even in the

3

absence of a proper objection, however, we may review the district court's order for plain error if necessary in the interests of justice.    11th Cir. R. 3-1.  If a district court's judgment is based on multiple, independent grounds, and an appellant fails to challenge one of those grounds on appeal, that judgment is due to be affirmed. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

We hold *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers, and we liberally construe *pro se* briefs.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, issues not briefed on appeal by a *pro se* litigant are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

### III.

On appeal Jones argues that his complaint should not have been dismissed because, liberally construed, it stated a *prima facie* case of retaliation.  We cannot agree.

By not objecting to the portion of the R&R in which the magistrate judge determined that his case was barred by *res judicata*, Jones has waived his right to challenge that determination as adopted by the district court.  *See* 11th Cir. R. 3-1. Furthermore, Jones has abandoned any argument regarding *res judicata*— including that we should review the district court's *res judicata* determination for plain error in the interests of justice—by not raising the issue at all on appeal.  *See*

4

*Timson*, 518 F.3d at 874.  Because Jones has not challenged one of the two independent grounds for which the district court dismissed his complaint, that dismissal is due to be affirmed.  *Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**